Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Dawna E. Mozes
aka Dawna E Zajac**
Debtor(s)

Bankruptcy Case No.: 20–20402–GLT
Issued Per Aug. 6, 2020 Proceeding
Chapter: 13
Docket No.: 26 – 6, 21
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 2, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $2,154 as of August 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: I.R.S. (Claim No. 3); Lakeview Loan Servicing, LLC (Claim No. 10); Ringgold School District Earned Income Tax (Claim No. 11); Township of Union earned income tax (Claim No. 12) .

☒ H. Additional Terms: The secured claim of Wells Fargo Bank (Claim No. 2) shall govern as to claim amount, to be paid at the modified plan terms.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: August 11, 2020

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 20-20402-GLT
Dawna E. Mozes                                                  Chapter 13
        Debtor              CERTIFICATE OF NOTICE

District/off: 0315-2         User: jhel              Page 1 of 2              Date Rcvd: Aug 11, 2020
                             Form ID: 149            Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2020.
db            +Dawna E. Mozes,    6714 Highland Avenue,    Finleyville, PA 15332-1006
cr            +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                Pittsburgh, PA 15233-1828
15193713      +Colaizzi Pedorthic Center,    617 Forest Avenue,    Pittsburgh, PA 15202-3112
15193718      +KML Law Group PC,    BNY Mellon Independence Center,    Suite 5000,    701 Market Street,
                Philadelphia, PA 19106-1541
15193717      +Keystone Collections Group,    P.O. Box 499,    Irwin, PA 15642-0499
15193719      +Lakevie Loan Servicing LLC,    4425 Ponce de Leon Boulevard,    MS-251,    Miami, FL 33146-1873
15229747      +Lakeview Loan Servicing, LLC,    PO Box 840,    Buffalo, NY 14240-0840
15193721      +PA Department of Revenue,    P.O. Box 280432,    Harrisburg, PA 17128-0432
15229031       Pendrick Capital Partners, LLC,    Peritus Portfolio Services II, LLC,    PO BOX 141419,
                IRVING, TX 75014-1419
15193723       Peoples Gas,    P.O. Box 644760,    Pittsburgh, PA 15264-4760
15212703      +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 North Lincoln Avenue,
                Pittsburgh, PA 15233-1828
15231430      +Ringgold School District,    c/o Keystone Collections Group,    546 Wendel Road,
                Irwin, PA 15642-7539
15193725      +Stern & Eisenberg PC,    ATTN: Brian LaManna Esq.,    1581 Main Street Suite 200,
                Warrington, PA 18976-3403
15231433      +Township of Union,    c/o Keystone Collections Group,    546 Wendel Road,    Irwin, PA 15642-7539
15220235       UPMC Health Services,    PO Box 1123,    Minneapolis, MN 55440-1123
15199186      +Wells Fargo Bank N.A., d/b/a Wells Fargo Auto,    PO BOX 130000,    Raleigh, NC 27605-1000
15193726      +Wells Fargo Dealer Services,    P.O. Box 10709,    Raleigh, NC 27605-0709
15193727      +Western Penn Power,    P.O. Box 3687,    Akron, OH 44309-3687

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/Text: kburkley@bernsteinlaw.com Aug 12 2020 04:31:48      Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant Street, Suite 2200, Gulf Tower,
                Pittsburgh, PA 15219-1945
15199165      +E-mail/Text: documentfiling@lciinc.com Aug 12 2020 04:30:24      COMCAST,    PO BOX 1931,
                Burlingame, CA 94011-1931
15193714      +E-mail/Text: documentfiling@lciinc.com Aug 12 2020 04:30:20      Comcast Xfinity,
                676 Island Pond Road,    Manchester, NH 03109-4840
15193715      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 12 2020 04:30:43       Comenity Bank,
                P.O. Box 182789,    Columbus, OH 43218-2789
15193716       E-mail/Text: sbse.cio.bnc.mail@irs.gov Aug 12 2020 04:30:36      Internal Revenue Service,
                1000 Liberty Avenue,    Pittsburgh, PA 15222
15193720       E-mail/Text: camanagement@mtb.com Aug 12 2020 04:30:39      M&T Bank,    Attn: Bankruptcy,
                P.O. Box 900,    Millsboro, DE 19966
15193724       E-mail/Text: info@phoenixfinancialsvcs.com Aug 12 2020 04:30:21       Phoenix Financial,
                P.O. Box 361450,    Indianapolis, IN 46236
15193722      +E-mail/Text: csc.bankruptcy@amwater.com Aug 12 2020 04:31:52      Pennsylvania American Water,
                PO Box 578,    Alton IL 62002-0578
15203311       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 12 2020 04:31:02
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA 17128-0946
15227156       E-mail/Text: bnc-quantum@quantum3group.com Aug 12 2020 04:30:49
                Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             LakeView Loan Servicing, LLC
15220234       UPMC Health Services
                                                                                              TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2020                                   Signature:  /s/Joseph Speetjens

```
District/off: 0315-2              User: jhel                 Page 2 of 2              Date Rcvd: Aug 11, 2020
                                  Form ID: 149               Total Noticed: 28
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2020 at the address(es) listed below:
              Christian M Rieger     on behalf of Debtor Dawna E. Mozes criegerlaw@gmail.com
              James   Warmbrodt     on behalf of Creditor    LakeView Loan Servicing, LLC bkgroup@kmllawgroup.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                             TOTAL: 6
```